IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINVIC SALES INC., <br><br> Plaintiff, <br><br> v. <br><br> MERCHSOURCE, LLC, <br><br> Defendant. | Civil Action No.: <br><br> TRIAL BY JURY DEMANDED |

## COMPLAINT

Plaintiff Winvic Sales Inc. (hereinafter "Plaintiff"), for its complaint against Defendant MerchSource, LLC (hereinafter "Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff arising under the patent laws of the United States and/or the state of Illinois.

2. Plaintiff seeks an injunction and damages against Defendant for infringement of Plaintiff's patent rights.

## THE PARTIES

3. Plaintiff Winvic Sales Inc. is a Canadian corporation having its principal place of business at 401 Bentley St., Unit #1, Markham, Ontario, Canada L3R 9T2.

4. Upon information and belief, Defendant MerchSource, LLC is a California limited liability company having an address at 19517 Pauling Street, Foothill Ranch, CA 92610, and conducting business in the state of Illinois and within this judicial district.

1

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 281 for claims arising under 35 U.S.C. §§ 1 *et seq*., the Patent Laws of the United States.

6. This Court has personal jurisdiction over Defendant pursuant to 735 I.L.C.S. §5/2-209, which authorizes an exercise of personal jurisdiction to the extent consistent with federal due process. Personal jurisdiction is proper here because Defendant has sufficient minimum contacts with Illinois such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

7. Defendant has offered for sale, sold and/or otherwise distributed flameless candle products through various retailers, in stores and online.

8. Defendant's products are offered for sale, sold, and/or otherwise distributed nationwide, for example, at Bed, Bath & Beyond, Macy's, Meijer, Walmart and at www.amazon.com. Upon information and belief, Bed Bath & Beyond, Macy's, Meijer, and Walmart all operate stores in this judicial district.

9. Upon information and belief, Defendant has established distribution channels in Illinois. Defendant knew the likely destination of its products and established connections with Illinois. Defendant's established distribution channel indicates an expectation that Defendant's products will be purchased by consumers in Illinois.

10. Upon information and belief, Defendant caused infringing flameless candle products to be offered for sale, sold and/or distributed in Illinois and nationwide, including but not limited to, through www.amazon.com, www.macys.com, and www.meijer.com, which are

on-line retailers that market products to, and are accessed by, residents of Illinois (*see* Exhibits A, B, and C).

11. Upon information and belief, Defendant further encourages retail stores located in Illinois to purchase and carry Defendant's flameless candle products. For example, Defendant's flameless candle products have been offered for sale at a Bed, Bath & Beyond store located at 555 West Roosevelt Road, Chicago, IL 60607, which is located in the Northern District of Illinois.

12. Defendant targets, and deliberately and continuously exploits, the Illinois market by offering for sale, selling and/or otherwise distributing the flameless candle products in Illinois. Defendant has purposefully directed its activities at residents in Illinois, the claim here arises out of or relates to those activities, and Defendant knew that its conduct in targeting the Illinois market was such that it should reasonably have anticipated being brought into court in the Northern District of Illinois. The assertion of personal jurisdiction is reasonable and fair.

13. Venue in this court is based upon 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

14. United States Patent No. 6,719,443 ("the 443 patent" attached at Exhibit D), entitled "Electrically Illuminated Flame Simulator", was duly and legally issued on April 13, 2004, and lists Robert A. Gutstein and Monita Liu as inventors.

15. All right, title, and interest in and to the 443 patent has been assigned to Plaintiff. Plaintiff owns all right, title, and interest in and to the 443 patent.

16. Upon information and belief, Defendant has offered and continues to offer flameless LED candles for sale, and sells such flameless LED candles, for example, at various

retailers and online, including through at least Bed, Bath & Beyond, Macy's, Meijer's, Walmart, and at www.amazon.com.

17. For example, upon information and belief, Sarah Peyton® Home 3-Piece Flameless LED Candle Set is being sold at or has been sold through Bed, Bath & Beyond, Macy's, Meijer's, Walmart, and at www.amazon.com (referred to in this Complaint as "Accused Flameless Candle Products").

18. An example of the Accused Flameless Candle Products (*see* Exhibit E) was purchased from a Bed, Bath, & Beyond store located at 555 West Roosevelt Road, Chicago, IL 60607.

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,719,443

19. Plaintiff hereby re-alleges the allegations of Paragraphs 1-18 of this complaint as if fully set forth herein.

20. Upon information and belief, Defendant has for a time past and continues to infringe, either literally or under the doctrine of equivalents, the 443 patent by making, using, selling, offering for sale, and/or importing the Accused Flameless Candle Products, embodying the patented invention to customers in the United States, either directly or through intermediaries, where they have been made available for sale and sold in Illinois, and/or contributing to and/or inducing the infringement by others.

21. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant's infringing activities have continued, despite Defendant's knowledge of Plaintiff's rights in and to the 443 patent and/or with Defendant's knowledge that Defendant does not have the right to practice any invention claimed by the 443 patent. Accordingly, Defendant is willfully infringing the 443 patent.

22. By the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the 443 patent unless restrained by this Court.

23. As a result of Defendant's patent infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**WHEREFORE, Plaintiff pray for the following relief**:

1. A finding that the 443 patent is valid, and that the Defendant has infringed the 443 patent.

2. An injunction permanently enjoining the Defendant, its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

   a. directly or indirectly infringing the 443 patent;

   b. continuing to make, use, sell, or offer to sell any products which infringe the 443 patent; and

   c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

3. An order requiring the impounding and destruction of all products in the possession of the Defendant that infringe the 443 patent.

4. An order requiring the Defendant to file with the Court and serve on the Plaintiff, within 30 days after service of the Court's order as herein prayed, a report (or other form of proof) in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's injunction.

5. A judgment entered for Plaintiff and against Defendant for all damages sustained by Plaintiff and/or any applicable statutory damages for Defendant's acts of patent infringement,

including Defendant's profits, any damages sustained by Plaintiff, costs and attorneys' fees of this action, treble damages, and prejudgment interest.

6. An accounting from Defendant for all gains, profits, and advantages derived from acts of patent infringement and/or other violations of the law as alleged herein.

7. An order requiring that all gains, profits, and advantages derived by Defendant from acts of patent infringement and/or other violations of the law as alleged herein is deemed to be in constructive trust for the benefit of Plaintiff.

8. An order for such other, further, and different just and equitable relief as the Court deems proper under the circumstances, including punitive damages if appropriate pursuant to the evidence of record.

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

Dated: January 15, 2013

Respectfully submitted,

/s/ Christopher V. Carani
Christopher V. Carani
Wil Rao
Brianne M. Straka
**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100
E-Mail: ccarani@mcandrews-ip.com
wrao@mcandrews-ip.com
bstraka@mcandrews-ip.com

**Attorneys for Plaintiff,
Winvic Sales Inc.**